IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARLON CORTEZ ROSS,**

    **Plaintiff,**

v.                                                            CIVIL ACTION NO.: 3:20-CV-43
                                                                      (GROH)

**FEDERAL BUREAU OF PRISONS,**
**ST. JOSEPH'S HOSPITAL,**
and
**SALVATORE LANASA, MD,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 10, 2020, the *pro se* Plaintiff filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1.[1] After multiple orders granting Plaintiff's motions for extensions of time to file an amended complaint on the Court-approved forms [ECF No. 22], Plaintiff filed an amended complaint on March 1, 2021. ECF No. 26. Plaintiff was previously[2] an inmate at FCI Gilmer in the Northern District of West Virginia, where he contends his civil rights were violated.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for

---

[1] All ECF number cited herein are in 3:20-CV-43, unless otherwise noted.

[2] Plaintiff is currently incarcerated in Marion USP in Marion, Illinois.

judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiff's Complaint

Plaintiff's complaint alleges four grounds for relief against the Federal Bureau of Prisons, St. Joseph's Hospital and Salvatore Lanasa, MD: (1) that on November 15, 2016, Defendant Lanasa performed a "botched" surgery on Plaintiff; (2) that the Bureau of Prisons (BOP) ignored Plaintiff's persistent claims of pain made on November 23, 2016, November 30, 2016 and December 16, 2016; (3) that after another surgery failed to alleviate his complaints of pain, he was transferred to Federal Medical Center in Lexington, Kentucky, on February 14, 2019, where he was denied treatment for more than a year; (4) that BOP has continued to ignore Plaintiff's complaints of persistent pain following his last treatment in September 2020. ECF No. 26 at 7 – 9.

Plaintiff asserts that his medical treatment has left him in persistent pain, with areas of numbness and potential loss of function, "causing him to suffer for almost [five] years." Id. at 9. For relief, Plaintiff requests that the Court grant him compensatory damages of $1,500,000.00, and $1,500,000.00 in punitive damages, and that the Court grant him injunctive relief which compels the BOP to provide him with all medically necessary treatment without delay. Id.

### B. Motions to Dismiss

The Bureau of Prisons filed a motion to dismiss or for summary judgment on September 23, 2021, along with a memorandum in support thereof. ECF Nos. 50, 50-1.

Therein, the BOP argues that: (1) Plaintiff's claims are barred by the applicable two-year state statute of limitations; (2) the BOP, as a federal agency, is not a proper defendant in a Bivens action; (3) Plaintiff's request for injunctive relief in this district is moot because Plaintiff is no longer incarcerated in this district.  ECF No. 50-1.

On September 29, 2021, Defendants St. Joseph's Hospital (St. Joseph's) and Salvatore Lanasa (Lanasa), filed a motion to dismiss and memorandum in support thereof.  ECF Nos. 52, 52-1.  Defendants St. Joseph's and Lanasa argue that: (1) Plaintiff's claims are time barred; and (2) they are a private entity and an employee of a private entity, who are improper defendants in a Bivens action.  ECF No. 52-1.

The Court issued two Orders and Roseboro notices on September 24, 2021, and September 30, 2021.  ECF Nos. 51, 53.  Both notices advised Plaintiff that, "Pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 11(b), the Plaintiff's Response to the Motion to Dismiss or for Summary Judgment, shall be filed within twenty-one (21) days, and shall not exceed twenty-five (25) pages."  ECF Nos. 51 at 4, 53 at 4.

Plaintiff has failed to file a response to the motions to dismiss or for summary judgment.  However, Plaintiff instead filed[3] a motion for leave to submit medical records and documentation in support of his civil action.  ECF No. 57.  That motion asserts that "Petitioner is not asking . . . for permission to amend at this time. . . [but to] submit medical records and supporting documents to his complaint for damages."  Id. at 2.  Further, Plaintiff asserts that he "will send all medical documents as [he] receive[s] them" from medical services."  Id. at 4.

---

[3] Plaintiff also filed a motion for appointment of counsel which was later denied.  ECF Nos. 58, 70.

3

### III. LEGAL STANDARD

#### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

"While the courts liberally construe *pro se* pleadings as a matter of course . . ., judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417- 18 (7th Cir. 1993) (quoting Haines v. Kerner).

**B.     Civil Rights Actions Under Bivens.**

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Malesko, 534 U.S. at 70. The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[5] [have] the additional pleading requirement that the 'complaint

---

[5] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by

5

contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

## IV. ANALYSIS

### A. Plaintiff's Claims are Barred by the Statute of Limitations

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 472 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. Because Bivens is the federal equivalent to an action under § 1983, federal courts have consistently extended the state general personal injury statute of limitations to Bivens cases, as well as § 1983 claims. See, e.g. Chin v. Bowen, 833 F.2d 21, 23-24 (2nd Cir. 1987). In fact, the Fourth Circuit Court of Appeals has determined that West Virginia's two-year personal injury statute of limitations contained at W.Va. Code § 55-2-12(b) is appropriately applied in Bivens actions. See Reinhold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

The plaintiff's complaint involves the medical care he received while incarcerated in FCI Gilmer by Defendant Lanasa on November 15, 2016, and his claims of pain made

---

42 U.S.C. § 1983.

on November 23, 2016, November 30, 2016, and December 16, 2016. Therefore, he had two years, or until December 16, 2018, to file his lawsuit. However, this Court did not receive the initial complaint until March 10, 2020. ECF No. 1. The complaint was dated February 25, 2020, and the envelope in which the plaintiff mailed his complaint was postmarked on March 6, 2020. ECF Nos 1 at 2, 1-1.

In this case, the Plaintiff's claims are clearly outside the applicable two-year statute of limitations, as to all named defendants, regardless of whether they are properly named defendants in a Bivens action. The complaint clearly states that the plaintiff's rights were alleged to have been violated at the time he was incarcerated at FCI Gilmer starting on November 15, 2016, through December 16, 2016. ECF No. 26 at 7 - 8. Because more than two years elapsed after the Plaintiff's alleged injuries but before Plaintiff filed suit, it is clear that Plaintiff's claims, regardless of any merit, are barred by the two-year statute of limitations.[6]

### B. Improper Defendants in a Bivens Action

All three Defendants argue that they are improper defendants in a Bivens action.

#### 1. Bureau of Prisons

In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Court held that Bivens claims may not be brought against a federal agency, and that federal agencies may not be held liable in a Bivens claim. The Federal Bureau of Prisons is named herein as a defendant. However, pursuant to the clear holding of FDIC v. Meyer, a federal agency is not a proper

---

[6] Plaintiff's complaint and attachments do not address the statute of limitations, including any discussion of whether the statute bars his claims, or should be tolled to permit him to pursue his claims. Further, the Court notes that Plaintiff does not describe any continuing violation of his rights with this district which might constitute a continuing tort which would toll the statute of limitations. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018).

7

defendant in a Bivens action. Accordingly, because the Supreme Court has expressly held that such agencies are not liable in Bivens actions, the Bureau of Prisons should be dismissed from this action with prejudice.

### 2. St. Joseph's Hospital

Defendant St. Joseph's Hospital correctly argues that it is not a proper defendant in a Bivens action. St. Joseph's Hospital is not a federal agency, but an independent private entity. The Supreme Court has expressly rejected the request to extend Bivens remedies to private entities in Malesko.[7] Accordingly, St. Joseph's Hospital merits dismissal from this action with prejudice.

### 3. Salvatore Lanasa

Lanasa asserts that he is not an employee of the United States government, but rather a physician employee of St. Joseph's Hospital. ECF No. 52-1 at 5. As such, Lanasa asserts that he is not a proper defendant in a Bivens action. The purpose of Bivens is to deter federal officers from committing constitutional violations, and thus pursuant to Bivens, only an individual federal agent may be held liable for actions in excess of the authority delegated to him. See Bivens, 403 U.S. at 397, and Malesko, 534 U.S. at 70. Because Lanasa is not an agent of the federal government, Plaintiff has failed to state a claim upon which relief can be granted in a Bivens action as it relates to Lanasa.

---

[7] Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, (2001) ("In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. Respondent now asks that we extend this limited holding to confer a right of action for damages against private entities acting under color of federal law. He contends that the Court must recognize a federal remedy at law wherever there has been an alleged constitutional deprivation, no matter that the victim of the alleged deprivation might have alternative remedies elsewhere, and that the proposed remedy would not significantly deter the principal wrongdoer, an individual private employee. We have heretofore refused to imply new substantive liabilities under such circumstances, and we decline to do so here.")

### C.    Plaintiff's Request for Injunctive Relief is Moot

As to Plaintiff's request for injunctive relief, Defendant BOP correctly argues that, as "a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."  Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).  Further:

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007).  Plaintiff was transferred from this district to FMC Lexington in Lexington, Kentucky, on February 14, 2019, and later to Marion USP where he is currently incarcerated.  Accordingly, it appears that any request for injunctive relief in this district became moot on the date Plaintiff was transferred.  Further, the Court notes that because Plaintiff's transfer occurred prior to the filing of the instant action, that any claim for injunctive relief was moot prior to the institution of this claim.

## V.     RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's amended complaint [ECF No. 26] be **DISMISSED WITH PREJUDICE** and his request for injunctive relief be **DENIED as MOOT**.

It is further **RECOMMENDED** that Defendants' motions to dismiss or for summary judgment [ECF Nos. 50, 52] be **GRANTED**, and that Plaintiff's motion [ECF No. 57] for leave to submit medical records be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as

reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED:    March 10, 2022

                                  /s/ *Robert W. Trumble*
                                  ROBERT W. TRUMBLE
                                  UNITED STATES MAGISTRATE JUDGE